IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANE E. FINN, | ) | |
|       Plaintiff, | ) | |
| | ) | Civil Action No. 15-661 |
| vs. | ) | Chief Magistrate Judge Maureen P. Kelly |
| | ) | |
| PORTER'S PHARMACY, | ) | Re: ECF No. 2 |
|       Defendant. | ) | |

## **OPINION AND ORDER**

**KELLY, Chief Magistrate Judge**

Plaintiff Diane E. Finn ("Plaintiff") has brought this civil action against Defendant Porter's Pharmacy ("Defendant") alleging that she was discriminated against because of her gender when Defendant terminated her employment in March of 2014.

Presently before the Court is a Motion to Dismiss or For a More Definite Statement submitted by on behalf of Defendant. ECF No. 2. For the reasons that follow, the Motion to Dismiss will be granted in part and denied in part, and the Motion for a More Definite Statement will be denied.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

According to the Complaint, Plaintiff was hired by Defendant as a Pharmacy Technician on February 28, 2014, and placed on a 90-day probationary period. ECF No. 1-1, ¶¶ 9, 11. Plaintiff worked approximately 30 hours per week from February 28, 2014, until March 21, 2014, at which time she went on a pre-paid and pre-approved family vacation. Id. at ¶¶ 12, 19. Plaintiff alleges that she and Defendant agreed that she would begin a permanent schedule upon her return from vacation and that, based upon Defendant's promise in this regard, she quit a part-time job she had with a different employer. Id. at ¶¶ 21, 21, 22. Plaintiff apparently returned from vacation on March 28, 2014, and was scheduled to work on March 31, 2014. Id. at ¶¶ 23,

24.  On March 30, 2014, however, Defendant telephoned Plaintiff and terminated her employment purportedly "due to '[Plaintiff's] schedule and hours.'"  Id. at ¶ 24.

Plaintiff alleges that, although she was unable to perform many of the tasks she was hired to complete because Defendant refused to train her, her performance as a probationary employee was good and that she was qualified to be a Pharmacy Technician.  Id. at ¶¶ 16-18, 27.  Plaintiff also alleges that after her employment was terminated the position was filled by a male.  Id. at ¶ 28.

Plaintiff filed the instant two-count Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, on April 29, 2015, and on May 20, 2015, Defendant removed the case to this Court.  See ECF No. 1.  Plaintiff brings a claim for sex discrimination pursuant to Title VII the Civil Rights Act of 1964 ("Title VII") at Count I, and a claim for sex discrimination pursuant to the Pennsylvania Human Relations Act ("PHRA") at Count II.  Defendant filed a Motion to Dismiss or For a More Definite Statement and an accompanying Brief on May 28, 2015.  ECF Nos. 2, 3.  Plaintiff filed a Response and accompanying Brief in Opposition to Defendant's Motion to Dismiss or For a More Definite Statement on June 1, 2015.  ECF Nos. 6, 7.  Plaintiff also filed a supplemental Response in Opposition to Defendant's Motion to Dismiss or For a More Definite Statement on June 14, 2015, in which she concedes that she is not entitled to punitive damages for her claims brought pursuant to the PHRA.  ECF No. 9.  As such, Defendant's Motions are ripe for review.

## II.   STANDARD OF REVIEW

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to

the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See California Pub. Employees' Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), *citing* Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id., *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

## III. DISCUSSION

### A. Motion to Dismiss

#### 1. Title VII and PHRA Claims[1]

Defendant argues that Plaintiff's Title VII and PHRA claims should be dismissed because Plaintiff has not alleged sufficient facts to establish a prima facie case of discrimination and

---

[1] Because the PHRA is interpreted as being identical to the federal antidiscrimination laws, Plaintiff's PHRA claims and Title VII claims can be addressed coextensively. Mitchell v. City of Pittsburgh, 995 F. Supp. 2d 420, 435 (W.D. Pa. 2014), *citing* Burton v. Teleflex Inc., 707 F.3d 417, 432 (3d Cir. 2013).

because Defendant could nevertheless terminate Plaintiff's employment at any time and for no reason because she was an at-will employee.

In order to establish a prima facie case of disparate treatment discrimination under Title VII, a plaintiff must prove that: (1) that she is a member of a protected class; (2) that she is qualified for the position; (3) that she was subject to an adverse employment action such as being fired from that position; (4) under circumstances that give rise to an inference of unlawful discrimination such as might occur when the position is filled by a person not of the protected class.[2] Glenn v. Raymour & Flanigan, 832 F. Supp. 2d 539, 548 (E.D. Pa. 2011), *quoting* Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410-11 (3d Cir. 1999) (quotations omitted). "As an alternative to the fourth prong, a plaintiff may show 'that similarly situated individuals outside the plaintiff's class were treated more favorably . . . .'" Id., *quoting* Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 273–74 (3d Cir. 2010). "By establishing a prima facie case the plaintiff creates a rebuttable presumption of unlawful discrimination." Rocco v. Am. Longwall Corp., 965 F. Supp. 709, 713 (W.D. Pa. 1997), *citing* Billet v. CIGNA Corp., 940 F.2d 812, 816 (3d Cir. 1991), *overruled in part on other grounds by* St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993). See Doe v. C.A.R.S Prot. Plus, Inc., 527 F.3d 358, 365 (3d Cir. 2008), *quoting* Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253-54 (1981) ("[t]he prima facie

---

[2] Although Plaintiff states that she is not bringing a disparate treatment claim but rather a "termination and replacement" claim, ECF No. 7: p. 4 n.4, p. 7, they are one in the same. See Glenn v. Raymour & Flanigan, 832 F. Supp. 2d at 548 (to establish a prima facie case of disparate treatment under Title VII a plaintiff must prove, *inter alia*, that she was fired and replaced by a person not of the protected class); Thompkins v. Mercy Phila. Hosp., 2010 WL 3719099, at *4 (E.D. Pa. Sept. 20, 2010), *quoting* Raytheon Co. v. Hernandez, 540 U.S. 44, 52 (2003) ("[i]n a disparate treatment case an 'employer simply treats some people less favorably than others because of their race,'" or gender whereas "disparate impact cases involve employment practices that are facially neutral in their treatment of different groups that in fact fall more harshly on one group than another'"). See also id., *quoting* Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761–62 (1998) (in discrimination cases, "the Supreme Court has defined an adverse employment action as 'hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits ...'").

phase of discrimination litigation 'merely serves to raise a rebuttable presumption of discrimination . . .'").[3]

Here, Plaintiff has alleged in the Complaint that she is female and thus is a member of a protected class; that she was qualified for the position as a Pharmacy Technician; that she was fired from that position; and was replaced by a man. ECF No. 1-1, ¶¶ 1, 24, 26-28. Therefore, Plaintiff has alleged sufficient facts to state a prima facie case of disparate treatment discrimination.

Defendant acknowledges that establishing the fourth prong of the prima facie case is an easy burden and may be satisfied by showing that Plaintiff was replaced by someone outside the protected class, but nevertheless argues that the disparate treatment of a single member of the non-protected class is insufficient to give rise to an inference of discrimination and that Plaintiff's failure to discuss the comparator's qualifications, as compared to Plaintiff's qualifications, is particularly fatal to her claims. See Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 1002-04 (1988), *quoting* Texas Dep't of Community Affairs v. Burdine, 450 U.S. at 253 ("[t]he plaintiff's initial burden of establishing a prima facie case of disparate treatment is 'not onerous'"). Defendant's argument is misplaced.

To support its theory that a single comparator is insufficient to give rise to an inference of discrimination, Defendant relies on Pivirotto v. Innovative Systems, Inc., 191 F.3d 344 (3d Cir. 1999) (Pivirotto"). The issue in Pivirotto, however, was whether the plaintiff, who was not

---

[3] Under the well-known three step shifting burden analysis applicable to Title VII claims, once the plaintiff makes out a prima facie case, the burden of production then shifts to the defendant to rebut the presumption by offering a legitimate non-discriminatory reason for the adverse employment action. If the defendant meets this burden, the burden shifts back to the plaintiff to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Burton v. Teleflex Inc., 707 F.3d 417, 425-27 (3d Cir. 2013); Mitchell v. City of Pittsburgh, 995 F. Supp. 2d 420, 430 (W.D. Pa. 2014).

5

immediately replaced by anyone -- male or female -- after she was terminated, was required to prove she was replaced by a male in order to meet her prima facie burden as the district court had instructed the jury she must. The United States Court of Appeals for the Third Circuit found that the plaintiff was not required to show she was replaced by a male but could demonstrate a prima facie case of discrimination through other evidence as long as it was adequate to create an inference that the employment decision was based on illegal criteria. Id. at 355. Privirotto attempted to satisfy that burden by pointing to a single male employee who was inexperienced and had difficulty taking instruction and/or fulfilling the requirements of his position but had no disciplinary action taken against him. The Court of Appeals for the Third Circuit rejected the plaintiff's argument that this evidence satisfied her burden noting that the male employee had very different responsibilities than the plaintiff and that "evidence of a differential treatment of 'a single member of the non-protected class is insufficient to give rise to an inference of discrimination.'" Id., *quoting* Simpson v. Kay Jewelers, Div. of Sterling, Inc., 142 F.3d 639, 646 (3d Cir. 1998).

In this case, however, unlike in Pivirotto, Plaintiff *was* replaced by a man, which by itself creates an inference of discrimination and satisfies the fourth prong of the prima facie case. Plaintiff therefore need not allege additional facts or compare herself to anyone else in order to meet her burden as did the plaintiff in Pivirotto.[4] See Glenn v. Raymour & Flanigan, 832 F. Supp. 2d at 548 (the fourth prong of the plaintiff's prima facie case may be proved by showing

---

[4]Moreover, it is not without significance, as Plaintiff has pointed out, that Pivirotto was before the Court of Appeals for the Third Circuit on appeal from a defense verdict following a jury trial and not at the motion to dismiss stage of the proceedings.

6

that the plaintiff was replaced by someone outside the protected class or, *alternatively*, that similarly situated individuals outside the protected class were treated more favorably).[5]

Defendant's second argument that Plaintiff's claims should be dismissed because she is an at-will employee, and thus could be fired at any time without any reason absent an applicable public policy, is equally unavailing.

It is undisputed that under Pennsylvania law there is a presumption that an employee is employed at-will and, "[a]bsent a statutory or contractual provision to the contrary," may be terminated at any time, "for any or no reason." Keefer v. Durkos, 371 F. Supp. 2d 686, 698 (W.D. Pa. 2005), *quoting* Geary v. U.S. Steel Corp., 456 Pa. 171, 319 A.2d 174, 176 (1974).

Here, it is clear that there are statutory provisions to the contrary, namely Title VII and the PHRA, which prohibit the termination of an employee -- even an at-will employee -- for unlawful and/or discriminatory reasons. Because Plaintiff has brought her discrimination claims pursuant to these statutes, the at-will doctrine does not apply. See Pivirotto, 191 F.3d at 350 n.2 (expressing doubt that an at-will employment jury instruction is appropriate in a statutory discrimination case as the at-will employment doctrine permits an employee to be terminated at any time for any or no reason so long as the reason is not based on discrimination).

It therefore follows, contrary to Plaintiff's argument, that the public policy exception to the at-will employment doctrine is inapplicable as well. Indeed, the public policy exception may

---

[5] It should be noted here that although Plaintiff alleges in the Complaint that she was treated differently from male employees in that Defendant failed to train her as promised and instructed other employees not to do so, these assertions are insufficient to state a plausible claim under Title VII. Plaintiff has failed to allege any facts that would support a finding that the lack of training rose to the level of an adverse employment action or any facts that would give rise to an inference of discrimination such as what other employees were treated more favorably in this regard, when or by whom. See DeMary v. Kennedy Health Sys., 2014 WL 3748591, at *8 (D.N.J. July 30, 2014); Priest v. Felcor Lodging Trust, Inc., 2006 WL 2709386, at *5 n.1, *6 (W.D. Pa. Sept. 20, 2006). Thus, to the extent that Plaintiff intended to bring discrimination claims for failure to train, which is not at all clear from the Complaint, those claims are properly dismissed.

only be invoked "in the absence of any applicable statutory remedy." Kent v. Keystone Human Servs., 68 F. Supp. 3d 565, 568 (M.D. Pa. 2014), *citing* Novosel v. Nationwide Ins. Co., 721 F.2d 894, 898 (3d Cir. 1983). As the District Court for the Middle District of Pennsylvania has recently opined:

> the Supreme Court of Pennsylvania has recognized a very limited exception, affording terminated employees a judge-made cause of action for wrongful termination only in the rare case where the termination violates "a clear mandate of [Pennsylvania] public policy." *McLaughlin v. Gastrointestinal Specialists, Inc.*, 561 Pa. 307, 750 A.2d 283, 287 (2000). Courts should find that a termination violates Commonwealth public policy "only in the clearest of cases." *Weaver v. Harpster*, 601 Pa. 488, 975 A.2d 555, 563 (2009). In addition, terminated employees may invoke the public policy exception only in the absence of any applicable statutory remedy. *Novosel v. Nationwide Ins. Co.*, 721 F.2d 894, 898 (3d Cir.1983); *Weaver*, 975 A.2d at 568 n. 10. For example, where the Pennsylvania Human Relations Act, 43 Pa. Stat. §§ 951 et seq., provides a remedy in a wrongful discharge action based on gender discrimination, the public policy exception is unavailable. *See Sola v. Lafayette College*, 804 F.2d 40, 42 (3d Cir.1986). In that way, the public policy exception embodies a residual category of situations where Pennsylvania public policy protects an individual employee from the unrestrained whims of an at-will employer, but where no legislature has taken the affirmative step of enacting a law providing explicit protection to him or her. *See id*.

Id., 68 F. Supp. 3d at 568. Thus, the public policy exception works to permit an employee who is terminated unlawfully with no available statutory remedy to pursue a common law cause of action for wrongful termination. Conversely, where a statutory remedy is available, a plaintiff must proceed accordingly and a common law claim for wrongful termination is unavailable. See Kearney v. JPC Equestrian, Inc., 2012 WL 1020276, at *6 n.5 (M.D. Pa. Jan. 4, 2012), *Report and Recommendation adopted by* 2012 WL 1020266 (M.D. Pa. Mar. 26, 2012) ("Plaintiff must plead his employment discrimination claims under the proper statutory authority" such as Title VII and the PHRA); Weaver v. Harpster, 601 Pa. 488, 509 n.10, 975 A.2d 555, 567 n.10 (2009) ("the legislature has made the PHRA the exclusive state law remedy

8

for unlawful discrimination, preempting the advancement of common law claims for wrongful discharge based on claims of discrimination").

In this case, the relevant legislatures have clearly taken affirmative steps to protect individuals such as Plaintiff from the unrestrained whims of her at-will employer by enacting Title VII and the PHRA. Because Plaintiff has those statutory remedies available to her, and is indeed pursuing remedies under Title VII and the PHRA, the public policy exception to the at-will employment doctrine does not apply.

### 2. Emotional Damage Claims

As recently set forth by this Court:

> To state a plausible claim for intentional infliction of emotional distress, a plaintiff must allege sufficient facts demonstrating that (1) the defendant's conduct was extreme and outrageous; (2) the defendant's conduct caused the plaintiff severe emotional distress; and that (3) the defendant acted intending to cause that person such distress or with knowledge that such distress was substantially certain to occur. *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 217 (3d Cir. 2001). Liability for intentional infliction of emotional distress "has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Reedy v. Evanson*, 615 F.3d 197, 231–32 (3d Cir. 2010) (*quoting Field v. Phila. Elec. Co.*, 565 A.2d 1170, 1184 (Pa. Super. Ct. 1989)).

Ghrist v. CBS Broad., Inc., 40 F. Supp. 3d 623, 630-31 (W.D. Pa. 2014). "In addition, a plaintiff must allege that he or she 'suffer[ed] some type of resulting physical harm due to the defendant's outrageous conduct,' which must be supported by competent medical evidence." Id., *quoting* Reedy v. Evanson, 615 F.3d at 231. See Swisher v. Pitz, 868 A.2d 1228, 1230 (Pa. Super. Ct. 2005); Fewell v. Besner, 444 Pa. Super. 559, 664 A.2d 577, 582 (1995) ("[a] plaintiff must also show physical injury or harm in order to sustain a cause of action for intentional infliction of emotional distress."); Wilson v. Am. Gen. Fin. Inc., 807 F. Supp. 2d 291, 303 (W.D. Pa. 2011).

9

Further, the United States Court of Appeals for the Third Circuit has found that "it is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." Ross v. Borough of Dormont, 937 F. Supp. 2d 638, 655 (W.D. Pa. 2013), *quoting* Cox v. Keystone Carbon Co., 861 F.2d 390, 395 (3d Cir.1988) (internal quotations omitted). "Indeed, courts have consistently held that claims based on termination of an employment relationship will not satisfy the outrageous conduct requirement of a claim of intentional infliction of emotional distress even where the employer engaged in a premeditated plan to force an employee to resign by making employment conditions more difficult." Id. See Ghrist v. CBS Broad., Inc., 40 F. Supp. 3d at 630-31, *quoting* Hoy v. Angelone, 554 Pa. 134, 151, 720 A.2d 745, 754 (1998) ("[c]ases which have found a sufficient basis for a cause of action of intentional infliction of emotional distress have had presented only the most egregious conduct") (internal quotations omitted).

In the instant case, although Defendant's alleged conduct could be categorized as "unprofessional and even purposeful," the allegations of discriminatory treatment alleged in the Complaint simply do not rise to level of conduct so outrageous as to go beyond all possible bounds of decency intolerable in any civilized society. Id. Moreover, Plaintiff has not alleged in the Complaint that Defendant acted with the intent to cause her emotional distress or with knowledge that such distress was substantially certain to occur. Nor has Plaintiff alleged that she suffered any physical harm as the result of Defendant's conduct. Under these circumstances, Plaintiff has failed to state a plausible claim for intentional infliction of emotional distress and, to the extent she seeks emotional damages, those claims are properly dismissed.

### 3. Punitive Damages Claims

Plaintiff seeks punitive damages for her claims brought pursuant to both Title VII and the PHRA in the Complaint. As previously discussed, however, Plaintiff has since conceded that she is not entitled to punitive damages with respect to her PHRA claims. See ECF No. 9. Thus, the only issue before the Court is whether punitive damages are available under Title VII.

"A Title VII plaintiff may recover punitive damages for intentional discrimination where 'the complaining party demonstrates that the respondent engaged in . . . discriminatory practices with malice or with reckless indifference to . . . federally protected rights.'" Donlin v. Philips Lighting North Am. Corp., 581 F.3d 73, 79 (3d Cir. 2009), quoting 42 U.S.C. § 1981a(b)(1), and Le v. Univ. of Pa., 321 F.3d 403, 409 (3d Cir. 2003). See Zurik v. Woodruff Family Servs., 2009 WL 4348826, at *3 (W.D. Pa. Dec. 1, 2009), quoting Kolstad v. American Dental Ass'n, 527 U.S. 526, 534, 536 (1999) ("the Supreme Court recognized that, through Section 1981a(b)(1), Congress established a 'higher standard that a plaintiff must satisfy to qualify for a punitive award' . . . [which] requires that 'an employer must at least discriminate in the face of a perceived risk that its actions will violate federal law to be liable in punitive damages'").

Here, Plaintiff has failed to allege any facts in the Complaint that would suggest that Defendant acted with malice or reckless indifference to a federally protected right. Accordingly, she has failed to set forth a facially plausible claim for punitive damages under Title VII and those claims will be dismissed.[6]

---

[6] To the extent that Defendant suggests that Plaintiff is not entitled to compensatory damages with respect to her Title VII claim, its argument is without merit. See 42 U.S.C. § 1981a. See also Durham Life Ins. Co. v. Evans, 166 F.3d 139, 161 (3d Cir. 1999) (recognizing that § 1981a provides a basis for awarding compensatory damages in Title VII cases); Shaffer v. Peake, 2008 WL 794470, at *14 (W.D. Pa. Mar. 24, 2008) ("[a] plain reading of § 1981a(a)(1) reveals that compensatory damages are available to plaintiffs who establish intentional discrimination in violation of ... Title VII").

### 4. Request for Jury Trial

Defendant also argues that Plaintiff is not entitled to a jury trial on either her Title VII claims or her PHRA claims and thus her request for a trial by jury should be stricken. Defendant is mistaken.

42 U.S.C. § 1981a(c) expressly provides that in cases of intentional discrimination brought pursuant to Title VII, "[i]f a complaining party seeks compensatory or punitive damages . . . any party may demand a trial by jury . . . ." See Spencer v. Wal-Mart Stores, Inc., 469 F.3d 311, 316 (3d Cir. 2006), *citing* 42 U.S.C. § 1981a(c)(1) ("[u]nder the 1991 [Civil Rights] Act, plaintiffs seeking compensatory damages may request jury trials"). Further, the United States Court of Appeals for the Third Circuit has observed that:

> "[t]he right to a jury trial in federal court, regardless of whether the claim arises under state law, presents a question of federal law," *In re City of Philadelphia Litigation,* 158 F.3d 723, 726 (3d Cir. 1998) (citing *Simler v. Conner,* 372 U.S. 221, 222, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963) (per curiam); *Cooper Labs., Inc. v. Int'l Surplus Lines Ins. Co.,* 802 F.2d 667, 671 (3d Cir. 1986)), "even when a state statute or state constitution would preclude a jury trial in state court." *Gipson v. KAS Snacktime Co.,* 83 F.3d 225, 230 (8th Cir.1996) (citations omitted). This long-recognized precept is dictated by the clear command of the Seventh Amendment. *See* U.S. Const. amend. VII ("In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved...").

Marra v. Phila. Hous. Auth., 497 F.3d 286, 313 (3d Cir. 2007). See Graham v. Toltzis Communications, Inc., 2000 WL 433978, at *1 (E.D. Pa. Apr. 18, 2000), *citing* Lubin v. American Packaging Corp., 760 F. Supp. 450 (E.D. Pa. 1991), and Galeone v. American Packaging Corp., 764 F. Supp. 349 (E.D. Pa. 1991) ("[i]n an action in federal court for money damages pursuant to the PHRA, a plaintiff has an independent right, guaranteed by the Seventh Amendment of the United States Constitution, to a trial by jury. . . . The Supreme Court of Pennsylvania does not have the power to alter this outcome . . ."). Thus, notwithstanding the Pennsylvania Supreme Court's holding in Wertz v. Chapman Twp., 559 Pa. 630, 741 A.2d 1272

(Pa. 1999), that the PHRA does not provide for the right to a jury trial, Plaintiff maintains a right to a trial by jury on both her PHRA and Title VII claims. Defendant's Motion, insofar as Defendant seeks to strike Plaintiff's jury demand, will therefore be denied.

### B.     Motion for More Definite Statement

Alternatively, Defendant moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), asking that Plaintiff be required to file "a curative amendment . . . so as to better apprise Defendant of the factual support for her claims." ECF No. 3, p. 11.

Rule 12(e) provides that: "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). See Schaedler v. Reading Eagle Publ'n, Inc., 370 F.2d 795, 798 (3d Cir. 1967). "Because Federal Rule of Civil Procedure 8 requires only a short and plain statement of the claim, motions for a more definite statement are 'highly disfavored.'" Jankowski v. Fanelli Bros. Trucking Co., 2014 WL 690861, at *10 (M.D. Pa. Feb. 24, 2014), *quoting* Country Classics at Morgan Hill Homeowners' Ass'n, Inc. v. Country Classics at Morgan Hill, LLC, 780 F. Supp. 2d 367, 370-71 (E.D. Pa. 2011). "[T]he pleading ... must be so vague or ambiguous that the opposing party cannot respond to it, even with a simple denial as permitted by Rule 8(b), with a pleading that can be interposed in good faith or without prejudice to himself." Rutt v. City of Reading, PA, 2014 WL 988570, at *1 (E.D. Pa. Mar. 13, 2014), *quoting* 5C Wright & Miller Fed. Prac. & Proc. Civ. § 1376 (3d ed.). "Typically, the court restricts the use of this motion to pleadings suffering from unintelligibility rather than the want of detail." Id., *quoting* Retzlaff v. Horace Mann Ins., 738 F. Supp. 2d 564, 568–69 (D. Del. 2010) (citations omitted).

In this case, not only has Defendant failed to point out the defects in the Complaint of which it complains or suggested what details are lacking, but the Court finds that the allegations in the Complaint are neither vague nor ambiguous.  Although to be sure, Plaintiff's Complaint is not a plethora of facts, the assertions set forth therein are nevertheless sufficient to place Defendant on notice of Plaintiff's claims and enable Defendant to prepare a response.  As such, Defendant's Motion for a More Definite Statement will be denied.

IV.   **CONCLUSION**

For the foregoing reasons, the Court finds that the Motion to Dismiss is properly granted in part and denied in part, and the Motion for a More Definite Statement is properly denied.  Accordingly, the following Order is entered:

**ORDER**

AND NOW, this 31st day of August, 2015, upon consideration of Defendant's Motion to Dismiss or For a More Definite Statement, Plaintiff's Response in Opposition to Defendant's Motion to Dismiss or For a More Definite Statement, and Plaintiff's supplemental Response in Opposition to Defendant's Motion to Dismiss or For a More Definite Statement, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is granted as to Plaintiff's emotional damages claims and claims for punitive damages and denied in all other respects.  IT IS FURTHER ORDERED that Defendant's Motion for a More Definite Statement is denied.

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:   All Counsel of Record Via CM-ECF